IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

RICHARD BARTULA                                                                 PLAINTIFF

v.                                                            CAUSE NO. 23-0160

HANCOCK COUNTY, MISSISSIPPI;                                        DEFENDANTS
SHERIFF RICKY ADAM; MICHAEL GATWOOD;
JOHN NELSON

**FILED**
SEP 26 2023
KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

**JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action to recover actual and punitive damages for discrimination and retaliation in violation of under the United States Constitution. The following facts support the action:

1.

Plaintiff, Richard Bartula, is an adult resident citizen of Hancock County, Mississippi who may be contacted through undersigned Counsel.

2.

Defendant, HANCOCK COUNTY, is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 152 Main Street, Bay St. Louis, MS 39520.

Defendant, RICKY ADAM, is sued as sheriff of Hancock responsible for the actions of his deputies and employees under Mississippi Law. Sheriff Adams may be served with process at 8450 Hwy 90 Bay St. Louis, MS 39520.

Exhibit "A"

Defendant, MICHAEL GATWOOD is sued individually and as a deputy sheriff of Hancock County. Gatwood may be served with process at 8450 Hwy 90 Bay St. Louis, MS 39520.

Defendant, JOHN NELSON is sued individually and as a deputy sheriff of Hancock County. Gatwood may be served with process at 8450 Hwy 90 Bay St. Louis, MS 39520.

Gatwood and Nelson are collectively referred to as "Officers" herein.

3.

This court has jurisdiction and venue is proper, because the actions complained of herein occurred in Hancock County in the state of Mississippi. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 14th Amendments to the United States Constitution.

4.

On April 18, 2023 Bartula was headed home on Texas Flat Road, driving a silver colored dually truck.

5.

Apparently, Deputies Gatwood and Nelson had been following Bartula, one in an unmarked vehicle with headlights flashing and another in a vehicle following the unmarked. Bartula did not see any lights on top of the car flashing, so Mr. Bartula continued to his house for his own safety. As Bartula turned into his driveway the officers turned in behind him.

6.

As Bartula prepared to exit his truck, the officers approached with guns drawn. Before Bartula could get out of his truck or even speak to the officers, Bartula was pulled out of his vehicle by the officers and thrown to the ground.

7.

Once the officers threw Bartula to the ground, the officers began kicking Bartula while he was on the ground, seriously injuring Bartula – broken hip and broken femur. According to witnesses, Bartula was compliant with the officers and was not resisting or attempting to be hostile with the officers.

8.

Counsel for Bartula requested the videos of the incident, but to date, no such videos have been provided by the County.

## ALLEGATIONS OF LAW

1. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

2. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi, and Hancock County.

3. Sheriff Adam, acting in his official capacity as sheriff with Hancock County, is responsible and liable for the actions of his officers under his command.

4. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals. Osborne is not the first Hancock County employee over the past few months to be fired based upon political affiliations.

5. It is the policy and custom of the Defendant to, in violation of Plaintiffs' rights, unlawfully interfere with Plaintiff's rights.

6. Officers did not have reasonable suspicion and/or probable cause to pull Plaintiff from the vehicle and throw him to the ground.

7. The officers had no reason to kick Plaintiff while on the ground.

8. Defendant Officers did not follow their own policy or procedures.

9. Defendants' actions are in bad faith and were intended and designed to punish Plaintiff.

10. At all times relevant to this action, Plaintiffs' rights were clearly established. At all times relevant to this action, Defendants violated Plaintiffs' constitutional rights.

11. Defendants' actions evidence malice and/or constitute willful misconduct.

### COUNT I IN VIOLATION OF 42 U.S.C. 1983
### 14th Amendment

12. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

13. The unlawful actions of the Officers, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of his person.

14. Officers had an affirmative duty to prevent such intrusions.

15. Officers, acting without authority, knowingly conducted an illegal seizure of Plaintiff. Defendants used excessive force resulting in Plaintiff's unlawful seizure.

16. Officers, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiff, unlawfully seized Plaintiff despite lacking reasonable suspicion or probable cause.

17. Plaintiff has an established constitutional right to be free from an unlawful seizure and confinement.

18. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

19. Further, all Defendants present had a duty to intervene and prevent the unlawful violations of Plaintiff's rights. No officer intervened or attempted to prevent the unlawful acts complained of herein.

20. As a result, Plaintiff was beaten and severely injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

14.

## COUNT IV IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourteenth Amendment

21. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

22. As complained of herein the Officers used excessive force upon the Plaintiff during an unlawful seizure and violated Plaintiff's right to bodily integrity.

23. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

24. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

25. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### PRAYER FOR RELIEF

Bartula prays for actual, compensatory, pecuniary, non-pecuniary, special, and punitive damages in the amount to be determined by a jury and for reasonable attorney's fees.

THIS the 25 day of September 2023.

Respectfully submitted,

**RICHARD BARTULA**
**Plaintiff**

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net